THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN PAUL HIGGERSON, Defendant-Appellant.

Fifth District   No. 5—86—0526

Opinion filed June 30, 1987.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

The defendant, John Paul Higgerson, was convicted by a jury in the circuit court of Jackson County of driving while license revoked, a felony, and of driving under the influence of alcohol. He was sen-

tenced to imprisonment for a term of three years and was ordered to pay a fine of $3,000 on the felony conviction. He was granted five days' credit against his sentence of imprisonment due to pre-trial incarceration. On appeal, defendant asserts that (1) he is entitled to an additional 123 days' credit for time spent in custody; and (2) the court erred in assessing a fine because the record does not disclose that he is financially able to pay a fine.

Defendant was arrested for both offenses in the case at bar on February 16, 1986, and was taken to the hospital because he complained that he was ill from a heart condition. At his first appearance in court on March 20, 1986, defendant's bond was set at $10,000. The record does not reveal that defendant posted bond. As a supplement to the record in the case at bar, there is included the record in Jackson County case No. 84-TR-5795, which indicates that on March 20, 1986, defendant was convicted for driving while his license was revoked and was sentenced to imprisonment for a term of 364 days and was ordered to pay a $1,000 fine. The mittimus was issued the same day.

■ Defendant asserts on appeal that he should receive credit in the case at bar for the period of 128 days from March 20, 1986, the date his bond was set, to and including July 25, 1986, the day of his sentencing.

Section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—7(b)) requires that whenever a sentence of imprisonment is imposed, credit must be granted for all time defendant was confined on the charge. (*People v. Scheib* (1979), 76 Ill. 2d 244, 246, 390 N.E.2d 872, 874; *People v. Leggans* (1986), 140 Ill. App. 3d 268, 270, 488 N.E.2d 614, 615.) Since defendant was incarcerated due to his failure to post bond from March 20, 1986, to and including July 25, 1986, the date of sentencing, by operation of section 5—8—7(b) of the Code, he would be entitled to 128 days' credit against his sentence of imprisonment.

However, the State asserts that defendant is not entitled to credit for this period as he requests because he was then serving a sentence which had previously been imposed in another case. Defendant reasons that he was simultaneously in custody in the case at bar and on his sentence in case No. 84-TR-5795 and contends that he is entitled to such credit.

The State relies on *People v. Brents* (1983), 115 Ill. App. 3d 717, 450 N.E.2d 910, and *People v. Sanders* (1983), 115 Ill. App. 3d 364, 450 N.E.2d 896, in support of its assertion that the credit requested should be denied. In both cases, defendants were found to be in con-

tempt of court in addition to being convicted of a criminal offense. *Brents* raised the issue of whether jail time served concurrently as a result of the charged offense and a subsequent criminal contempt sentence need be credited towards the sentence imposed on the first offense. *Sanders* raised the issue of whether a defendant should be granted credit for the time served for civil contempt against his subsequent sentence for residential burglary and forgery since defendant was simultaneously in custody on all three matters. Both courts held that defendants were not to be credited for time served on the contempt charges. As was stated in *Brents*: "To hold otherwise would greatly diminish a defendant's incentive to comply with the trial court's order respecting proper decorum in the courtroom and render the contempt citation itself meaningless and inoperative." (115 Ill. App. 3d 717, 721, 450 N.E.2d 910, 913.) Therefore, an exception was created to the general rule that a defendant is entitled to credit for all time served on an offense in those situations in which the defendant is sentenced to jail for contempt, and the contempt sentence is being served simultaneously to time served for the criminal conviction.

The State also relies on *People v. Stuckey* (1981), 93 Ill. App. 3d 260, 417 N.E.2d 203, in which defendant was sentenced on November 13, 1979, to 1½ years' imprisonment in Tazewell County. On December 5, 1979, defendant was charged by indictment with the offense of felony theft in Peoria County. Except for his three appearances in the circuit court of Peoria County relating to his trial for felony theft, defendant remained in the Logan Correctional Center on the Tazewell County sentence. After being convicted on the felony theft charge, defendant was sentenced on August 8, 1980, to four years' imprisonment, which was ordered to be served concurrently with the Tazewell County sentence. On appeal, defendant contended that he was entitled to credit for the period from November 13, 1979, the date of the Tazewell County sentence, to August 8, 1980, the date of sentencing in Peoria County. The *Stuckey* court rejected the argument on the basis that credit applies only where the incarceration was a result of the offense for which sentence was imposed. Nothing in the *Stuckey* opinion indicates that defendant was arrested or held for failure to post bond on the Peoria County charge; therefore, he was not in custody on that charge prior to sentencing. (See *People v. Atteberry* (1987), 153 Ill. App. 3d 10, 13, 506 N.E.2d 705, 707.) In the case at bar, bond was set at $10,000, which defendant failed to post. If he had not been incarcerated on the sentence imposed in case No. 84-TR-5795, he still would have been held

in jail on the charge in the case at bar due to his failure to post bond.

The State further relies on *People v. Kane* (1985), 136 Ill. App. 3d 1030, 484 N.E.2d 296, which is factually distinguishable. On September 21, 1983, defendant was arrested for unlawful possession of cannabis in Randolph County case No. 83-CF-58. The next day she posted bond. On July 24, 1984, she was arrested for possession of a controlled substance with intent to deliver in Randolph County case No. 84-CF-41, and she was released the next day. On August 28, 1984, the State filed a petition to revoke probation in case No. 83-CF-58, alleging the unlawful possession charged in the July 24, 1984, proceeding as being the basis for such revocation. Her probation was revoked and she was sentenced to two years' imprisonment. On appeal, defendant contended that she was entitled to credit against her sentence of imprisonment in case No. 83-CF-58 for being incarcerated on July 24 and 25, 1984. This court rejected the argument and stated that the two cases were unrelated. In *Kane*, the petition to revoke was not filed until after the time for which she requested credit; therefore, she could not have been in custody on July 24 and 25, 1984, in case No. 83-CF-58, and the court properly denied her credit for those days.

Although discussed in the context of defendant's statutory right to a speedy trial (Ill. Rev. Stat. 1979, ch. 38, par. 103—5), we believe that the reasoning of our supreme court in *People v. Arnhold* (1987), 115 Ill. 2d 379, 504 N.E.2d 100, is applicable to the case at bar. In *Arnhold*, the issue was whether a defendant who is out on bond on one charge and who is subsequently arrested and taken into custody on a second charge is automatically returned to custody on the first charge. Our supreme court concluded that a defendant who is out on bond on one charge, and who is subsequently re-arrested and returned to custody on another charge, is not returned to custody on the first charge until his bond is withdrawn or revoked. Thus, for the purpose of section 5—8—7, defendant in the case at bar was in custody due to his failure to post bond, the same as a defendant would be who has had his bond withdrawn or revoked.

For the foregoing reasons, we conclude that defendant is entitled to 128 days' credit against his sentence of imprisonment; therefore, this cause is remanded to the circuit court of Jackson County for the issuance of an amended judgment order and mittimus which shall reflect 128 days' credit against the sentence of imprisonment.

Defendant lastly contends that the $3,000 fine imposed on him must be vacated because the record does not reveal that he is able to

pay the fine. Alternatively, defendant requests that this cause be remanded to determine his ability to pay the fine. The State replies that where the defendant's ability to pay the fine is unclear, the case should be remanded to allow the court to make a finding on this point.

We recognize that a trial judge need not specifically state that the defendant was determined to have the financial resources and ability to pay a fine and that such a finding is implicit in the imposition of a fine where the judge is aware of the facts which represent such a determination. (*People v. Waters* (1985), 136 Ill. App. 3d 858, 862, 483 N.E.2d 1061, 1063.) However, we believe the facts before the court in the case at bar were not sufficient to support such an implication. At defendant's first appearance, defendant told the court that he did not have the funds to hire counsel, did not have any source of income, and did not own stocks, bonds, or certificates of deposit. He further stated that he "owed" for the real estate he owned. The presentence report indicates defendant owes approximately $800 in fines for past driving offenses. His house, which he is purchasing from his mother, is valued at $30,000.

Since the record is not sufficient to support a determination that the defendant in the case at bar is able to pay a fine, the fine is vacated and the cause is remanded for the purpose of conducting a hearing to determine defendant's ability to pay a fine. If it is established that defendant is able to pay a fine, the trial court, in the exercise of its discretion, may establish its amount.

For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed in part and vacated in part. The cause is remanded for the purpose of conducting a hearing on defendant's ability to pay a fine and for the purpose of issuing an amended mittimus and judgment order which shall reflect that defendant is entitled to 128 days' credit against his sentence of imprisonment.

Affirmed in part; vacated in part; and remanded with directions.

HARRISON and WELCH, JJ., concur.