THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARYL JACKSON, Defendant-Appellant.

Fourth District   No. 4—87—0122

Opinion filed October 29, 1987.

Daniel D. Yuhas and Patricia G. Mysza, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul Lee Stone, State's Attorney, of Sullivan (Kenneth R. Boyle and Gwendolyn W. Klingler, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant was convicted of aggravated assault in violation of section 12—2(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 12—2(a)(1)) and sentenced to 364 days' imprisonment. He was also convicted of one count of simple assault but was not sentenced on that conviction and was acquitted of several other charges. Defendant appeals, contending his constitutional right to a speedy trial was violated and he was further denied effective assistance of counsel when trial counsel failed to file a motion for discharge on the basis his statutory right to a speedy trial was violated.

The chronology of events is straightforward. On March 10, 1986, informations were filed charging defendant with aggravated assault and unlawful use of a weapon after defendant entered the office of the former State's Attorney of Moultrie County and threatened him, in the presence of his secretary, with bodily harm while in possession of a dangerous weapon, an ax. An arrest warrant was issued but not served upon defendant. At the time of the offense defendant was on parole and his parole officer was notified.

On March 23, 1986, defendant turned himself in to the Moultrie County sheriff's department, where he was held overnight before being transported to the Graham Correctional Center in Hillsboro on the basis of the parole violation. His parole was revoked and he remained in the custody of the Illinois Department of Corrections until July 25, 1986, to serve out his parole term.

On July 15, 1986, the State's Attorney of Moultrie County filed a petition for writ of *habeas corpus*, which the court issued, directing the warden of the Graham Correctional Center to bring defendant before the Moultrie County circuit court for prosecution on the pending charges. On July 25, 1986, the Moultrie County sheriff served defendant with the arrest warrant previously issued by the court on March 10, 1986.

On July 30, 1986, defendant appeared in Moultrie County and a public defender was appointed to represent him. On August 5, 1986, a preliminary hearing was held at which time defendant was bound over for trial. The jury trial commenced and ended on November 5, 1986.

Defendant contends his constitutional right to a speedy trial was violated because the State failed to immediately arraign him after his arrest for these charges, leaving him unrepresented by counsel and ignorant of his rights for the first 4½ months of his incarceration. He maintains that because the State knew of his whereabouts at all times and had the procedural means to bring him into court to answer the charges, the failure to try him until 240 days after the informations were filed was an unreasonable and prejudicial delay requiring dismissal of the charges.

■■ ■ In determining whether a delay in trial has breached constitutional limitations, a four-part test weighing the conduct of both the defendant and the prosecution is used. (*Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182.) The four factors to be considered are (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant. The right to a speedy trial under the constitutions of the United States (U.S. Const., amend. VI) and of Illinois (Ill. Const. 1970, art. I, §8) is not subject to any precise standard of time within which the accused must be tried but rather is dependent upon the circumstances of the particular case. *Barker*, 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182.

We note, at the outset, defendant failed to raise any question concerning either a constitutional or statutory violation of his right to a speedy trial in the proceedings below. Issues not raised in the trial court, including constitutional matters, are generally considered waived on appeal (*People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353), and we consider that we would be fully justified in applying the waiver rule here. Nevertheless, we do not believe defendant has established any violation of his rights upon consideration of the merits.

■■ Initially defendant argues the 240-day period between the fil-

ing of the informations and trial is inordinate and presumptively prejudicial. Defendant cites section 103—5(a) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(a)) for the proposition that the State was required to try him within 120 days from the filing of the information. We disagree. For purposes of State law, the controlling speedy trial statute was section 103—5(b) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b)) as incorporated in the intrastate detainers statute (Ill. Rev. Stat. 1985, ch. 38, par. 1003—8—10). Defendant was properly committed to the Department of Corrections because of his parole violation stemming from the underlying charges. As such, section 3—8—10 required that he make a demand for trial before the 160-day term provided by section 103—5(b) of the Code would commence to run. No such demand was made. For purposes of State law, in the absence of a demand for trial the 160-day speedy trial term does not commence. *People v. Freeland* (1981), 103 Ill. App. 3d 94, 430 N.E.2d 77.

■ Defendant, nevertheless, maintains section 103—5(a) applies because he was actually in custody for the instant offense although physically confined in the Department of Corrections. We disagree. In the first instance, the record belies defendant's assertion he was arrested on March 23 for the charged criminal conduct when he turned himself in to authorities. The return on the warrant shows conclusively it was not served upon defendant until July 25, 1986, after the writ of *habeas corpus* issued to the warden at the Graham Correctional Center. It has been stated that without actual service of process on the defendant (or an arrest without a warrant), a prisoner is not incarcerated on the charges underlying the warrant or process. See *People v. Akins* (1971), 132 Ill. App. 2d 1033, 270 N.E.2d 107; see also *People v. Mikrut* (1969), 117 Ill. App. 2d 444, 253 N.E.2d 556.

Although in its brief the State agrees with defendant that he was arrested on the underlying charges when he turned himself in to the Moultrie County authorities, we do not consider ourselves bound by this concession because the record is unclear and this is directly at odds with the position taken by the State's Attorney in the trial court. Moreover, even were we to accept defendant's version of the facts, his argument is unavailing. By its plain terms the detainers statute applies to all persons committed to the Department of Corrections and it has been held section 3—8—10 applies to a person committed to the Department after his arrest on a pending charge even when that incarceration is predicated on a parole violation involving the pending charge. (*People v. Lykes* (1984), 124 Ill. App. 3d 604, 464 N.E.2d 849.) We conclude defendant failed to establish a presumptive

constitutional violation on the basis of any violation of statutory speedy trial law.

Defendant contends further, the State had a duty to bring him to trial upon his initial arrest, arguing the failure to do so constituted a deliberate attempt by the State to delay the trial. Other than this bare allegation of prosecutorial misconduct there is nothing of record to support the contention. It might just as well be argued there was no improper motive attributable to the State because it relied on the provisions of the detainers statute and was well aware of the length of the term defendant received upon revocation of his parole, since that revocation involved a Moultrie County conviction. In the absence of affirmative evidence showing prosecutorial misconduct or improper motivation, the fact the Moultrie County authorities knew where defendant was, does not, for that reason alone, charge them with the duty of bringing him to trial while justifiably relying on a State law that requires defendant make a demand for trial. (*People v. Davis* (1981), 92 Ill. App. 3d 869, 416 N.E.2d 85.) As we have stated, the record is devoid of any evidence showing the reason for delay. Upon a silent record we will not presume an improper motive.

■ The next aspect of the test is defendant's assertion of his right to a speedy trial. At no time did he make a demand for trial. While the supreme court has held the failure to demand a speedy trial, standing alone, does not constitute a waiver of the right, it is one of the factors to be considered in an inquiry into the deprivation of the right, and as the supreme court observed:

> "The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker v. Wingo* (1972), 407 U.S. 514, 531-32, 33 L. Ed. 2d 101, 117-18, 92 S. Ct. 2181, 2192-93.

Defendant also claims prejudice is demonstrated. The supreme court has stated the prejudice factor is assessed in the light of three interests of defendant: to prevent oppressive pretrial incarceration, to minimize anxiety and concern of the accused, and to limit the possibility that the defense will be impaired. (*Smith v. Hooey* (1969), 393 U.S. 374, 21 L. Ed. 2d 607, 89 S. Ct. 575.) As to the first of these factors, the Supreme Court recently stated in *United States v. Loud Hawk* (1986), 474 U.S. 302, 312, 88 L. Ed. 2d 640, 652, 106 S. Ct. 648, 654, "the Speedy Trial Clause's core concern is impairment of liberty; it does not shield a suspect or a defendant from every expense or incon-

venience associated with criminal defense." Here, defendant's liberty was already impaired because of the separate offense for which he was incarcerated. Such circumstances differ materially from the plight of an individual imprisoned for a substantial period prior to any determination of his guilt or innocence for any crime.

As to the second aspect of prejudice, defendant makes no claim his defense was impaired and we believe justifiably so. At trial, defendant took the stand and acknowledged making the statement attributed to him by the prosecution witnesses. Defendant further admitted that his statement was intended as a threat but sought to ameliorate his conduct by denying he brandished the ax in a menacing or threatening way.

Defendant also claims to have suffered prejudice through the anxiety and concern he experienced while in the penitentiary, knowing some type of criminal charges were pending against him but not knowing whether the State intended to prosecute. The defendant cites no evidence of record to support this claim and there is no indication he was ever misled into believing the State would not prosecute him on these charges. It has been stated the anxiety factor will count substantially in defendant's favor only if it is shown there was a rather special situation giving rise to an inordinate amount of anxiety. *United States v. Askew* (10th Cir. 1978), 584 F.2d 960.

Finally, defendant claims the possibility that he could have received a sentence at least partially concurrent with the completion of his parole revocation term was forever lost because the State postponed the trial until after he served out his parole term. At sentencing the trial court granted defendant credit against his sentence for time served in the Moultrie County jail but denied credit for time spent incarcerated on the parole violation. Although defendant maintains this was prejudicial, he has failed to raise any issue on appeal with respect to the propriety of the sentence imposed upon him. Since defendant does not claim any error with respect to sentencing, we fail to see how he can have been prejudiced by not receiving a benefit to which he makes no direct claim of entitlement.

■ In balancing all the factors, the most that can be said is that 240 days elapsed between the filing of the informations and trial. Defendant has not established any violation of the applicable State speedy trial provisions, never made a demand for speedy trial, and has demonstrated neither prejudice nor improper motivation for causing a delay. We conclude the actual delay shown here was not inordinate and falls far short of demonstrating a violation of any constitutional right to a speedy trial.

Defendant nevertheless maintains he received ineffective assistance of counsel because counsel failed to file a motion for discharge based on defendant's statutory right to a speedy trial. Defendant can only prevail if counsel's performance fell below an objective standard of reasonableness and there is reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.

Defendant renews his argument that section 103—5(a) was applicable. As we have previously concluded, that argument is without merit. Under the detainers statute defendant was required to make a demand for speedy trial prior to the start of the applicable 160-day limitation period under section 103—5(b).

The cases cited by defendant in support of his claim the 120-day rule applies are discussed at length in the cases we have cited for the proposition that it does not. No useful purpose would be served here by detailing the facts of those cases except to say we believe they are properly distinguishable on the bases the issue raised in this case was not before the court in those prior cases, or the intrastate detainers statute had not been enacted at the time of the disposition, or the defendant was not incarcerated. Only one case bears mention.

Defendant claims the court's decision in *People v. Woodruff* (1980), 90 Ill. App. 3d 236, 412 N.E.2d 1171, *rev'd* (1981), 88 Ill. 2d 10, 430 N.E.2d 1120, stands for the proposition that when defendant is not officially committed to the Department of Corrections until after charges are brought, section 103—5(a) applies rather than section 3—8—10. Notwithstanding the fact the supreme court reversed the appellate decision on grounds which obviated the need to address this issue, certain findings of fact reached by the supreme court which were contrary to the appellate court findings cast doubt on the propriety of the appellate ruling that the minor was not in the custody. of the Department of Corrections when served with a supplemental petition and motion to prosecute as an adult. *Woodruff* is factually distinguishable as well since it is clear from the record here defendant was not charged with the underlying offenses at the time of his arrest.

■ Defendant nevertheless maintains his failure to demand a speedy trial should not be taken by the court as a waiver of the right. This argument misperceives the issue. When considering the question of whether the statutory right to a speedy trial has been violated, the balancing test enunciated in *Barker* does not apply. (*People v. Thomas* (1986), 149 Ill. App. 3d 1, 500 N.E.2d 652.) The question is simply whether the defendant made a demand or not. Here he did not. Ac-

cordingly, since he was tried within 160 days following his arrest upon release from the Department of Corrections, his statutory right to a speedy trial was not violated. In consequence, trial counsel was not ineffective for failing to raise this issue since it had no merit.

For the foregoing reasons, the judgment of the Moultrie County circuit court is affirmed.

Affirmed.

GREEN and LUND, JJ., concur.