THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HENRY LEE CARTER, Defendant-Appellant.

Fifth District   No. 5—89—0006

Opinion filed December 27, 1989.

Daniel M. Kirwan and Janet L. Gandy, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Grace, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Henry Lee Carter, was charged by indictment on May 31, 1988, in the circuit court of Jackson County with the offense of unlawful delivery of a controlled substance. A warrant was served on Carter on June 1, 1988, in the Williamson County jail, where he was being held by Federal authorities on a parole violation. Carter was found to be in violation of the terms of his parole on June 15, 1988, and sentenced to an additional 16 months' imprisonment. He was remanded to the custody of Jackson County on June 24, 1988, for trial on the present charge. On October 3, 1988, Carter moved to dismiss the indictment, arguing that he had been in custody since June 1, 1988, and that 124 days had elapsed without his having been brought

to trial. At the hearing on the motion, the State argued that the 120-day period did not begin running until June 24, 1988, when Federal authorities surrendered custody of Carter. The State also argued that under the "Interstate Agreement on Detainers Act" (IADA) (Ill. Rev. Stat. 1987, ch. 38, par. 1003—8—9), it had 180 days to bring Carter to trial. The trial court rejected this argument, finding that Carter was not serving a "term of imprisonment." Nevertheless, the court found that Carter was in Federal custody on June 1, 1988, and denied the motion to dismiss. Carter was subsequently tried and found guilty by a jury and sentenced to eight years' imprisonment with credit for time served since June 24, 1988.

Carter argues on appeal that the trial court erred in applying the 180-day speedy trial term in the "Interstate Agreement on Detainers Act" instead of the 120-day rule of section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(a)). Carter maintains that he was not serving a "term of imprisonment" and that the IADA is therefore inapplicable. Our review of the record indicates that the trial court did not base its decision on the IADA but upon the fact that Carter was not in State custody until June 24, 1988. In fact, the trial court stated numerous times that Carter was not serving a term of imprisonment while he was being held in Williamson County pending the adjudication of his parole violation. In any event, we will address the application of both the IADA and section 103—5(a).

■ The IADA provides that whenever a person is serving a term of imprisonment in a party State, and whenever during the term of imprisonment there is pending in another party State an untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days of his request for final disposition of the charge. (Ill. Rev. Stat. 1987, ch. 38, par. 1003—8—9, art. III, par. (a).) The argument Carter advances is that his detention for an alleged parole violation was not a "term of imprisonment," at least not until he was found to be in violation, and that the IADA speedy trial term is therefore inapplicable. Time served on parole by an Illinois prisoner is considered part of the "term of imprisonment." (Ill. Rev. Stat. 1987, ch. 38, par. 1003—14—2(a); *People v. Slawek* (1985), 134 Ill. App. 3d 1080, 480 N.E.2d 925.) It is so defined by statute. There is no corresponding Federal statute, however, and it has been held that detention on a Federal parole violation is not a "term of imprisonment." (*United States v. Dodson* (3d Cir. 1978), 585 F.2d 55.) Further, the IADA requires a demand by the defendant before the 180 days begins to run,

and we find no record of any such demand having been made by Carter. Also, no detainer was ever lodged. The State did file a writ of *habeas corpus ad prosequendum*, but that is not considered a detainer. (*People v. Befeld* (1980), 90 Ill. App. 3d 772, 413 N.E.2d 550.) We therefore conclude that the IADA is inapplicable.

■■ We must next determine whether Carter was brought to trial within 120 days as mandated by section 103—5(a). Section 103—5(a) provides that every person *in custody in the State* shall be tried by a court having jurisdiction within 120 days from the date he was taken into custody, unless there is a delay occasioned by the defendant. (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(a).) Carter maintains that he was in State custody as of June 1, 1988, when the arrest warrant was served on him in the Williamson County jail. Although in Federal custody at the time, Carter argues that he was in joint custody and cites *People v. Fosdick* (1967), 36 Ill. 2d 524, 224 N.E.2d 242, in support of his argument. In *Fosdick*, after a complaint was filed in Champaign County charging the defendant with rape, he was arrested in De Witt County on unrelated charges. After escaping custody, he was arrested by Federal agents and again placed in the Champaign County jail. He was then arrested and served with the Champaign County warrant. Champaign County then voluntarily released him to be tried in De Witt County, then immediately filed new but identical charges against him. Our supreme court held that the 120-day speedy trial term began when the defendant was served with the warrant and that neither the dismissal and refiling of the charges by Champaign County, nor the voluntary relinquishing of custody could be used to circumvent the 120-day rule. In reaching its conclusion, the court indicated in dicta that while the defendant was in Federal custody, he was also in State custody as of the time the warrant was served.

■■■ Our supreme court made clear in *People v. Davis* (1983), 97 Ill. 2d 1, 452 N.E.2d 525, that the holding in *Fosdick* was based on the fact that Champaign County voluntarily relinquished custody to another county and attempted to circumvent the provisions of section 103—5(a) by refiling an identical charge. The court in *Davis* also indicated that *Fosdick* was limited to its facts. The court went on to adopt the position that where a defendant " 'is in custody awaiting trial in one county and there is a charge pending against him in another county, *** he cannot be deemed to be in custody for the latter offense until such time as the proceedings against him in the first county are terminated and he is returned to, or held in custody for, the second county.' " (*Davis*, 97 Ill. 2d at 13, 452 N.E.2d at 531, quoting *People v. Clark* (1968), 104 Ill. App. 2d 12, 20, 244 N.E.2d 842,

845-46.) While *Clark* and *Davis* dealt with two counties in Illinois, the rationale has been extended to situations where the defendant is in Federal custody when the State charges are filed. (*People v. Neumann* (1986), 148 Ill. App. 3d 362, 499 N.E.2d 487; see also *People v. Clark* (1989), 188 Ill. App. 3d 130, 544 N.E.2d 32.) Based on the foregoing, we hold that Carter was not in State custody until June 24, 1988, when Federal authorities surrendered custody of him, and that he was not denied his right to a speedy trial.

■■ Carter also argues that he should be given 22 days' credit toward his sentence for the period from June 1, 1988, to June 24, 1988. Having concluded that Carter was not in State custody during that time, we hold that he is not entitled to any credit.

Accordingly, we affirm the trial court's denial of Carter's motion to dismiss.

Affirmed.

WELCH and CHAPMAN, JJ., concur.