THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL ANDERSON, Defendant-Appellant.

Third District    No. 3—00—0514

Opinion filed September 14, 2001.

Carrie B. Marche, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Rita

Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, Michael Anderson, failed to return from work release and was charged with escape (720 ILCS 5/31—6(a) (West 1998)). Following a bench trial, the defendant was found guilty and was sentenced to two years' imprisonment. On appeal, he argues that his trial counsel was ineffective by failing to move to dismiss the charges based on violation of the speedy trial act (725 ILCS 5/103—5 (West 1998)). We affirm.

## BACKGROUND

The defendant was serving a sentence for felony unlawful possession of a controlled substance. On June 9, 1999, he failed to return to the Peoria Community Correctional Center from work release. On June 11 or 12, 1999, he was arrested in Cook County on unrelated charges and was transferred to the Vandalia Correctional Center, an Illinois Department of Corrections (DOC) facility, to serve the remainder of his drug sentence.

A warrant issued for his arrest on the escape charge and bond was set in his arrest warrant on September 21, 1999,. the same date as he was indicted for this offense. He was not served with this warrant and was not arrested for escape until April 13, 2000, the date he was scheduled to be released from DOC custody on the drug charge. On April 20, 2000, he was arraigned on the escape charge and was appointed counsel by the court.

During June 2000, the defendant filed three *pro se* "Dismissal" motions. The third pleading, titled "Motion for Dismissal 'Amended,' " consisted of most of the language of the intrastate detainers act (730 ILCS 5/3—8—10 (West 1998)), the statutory citation for this act, and a photocopy of the warrant for the defendant's arrest. This third dismissal motion contained no argumentation accompanying the language of the intrastate detainers act.

On June 26, 2000, the court held a hearing on the defendant's three dismissal motions. At this hearing, the defendant's court-appointed counsel argued that his "Motion for Dismissal 'Amended' " asserted that the defendant had been denied a speedy trial under the intrastate detainers act. At the conclusion of the hearing, the court agreed with the State's argument that the intrastate detainers act placed a burden on the defendant, rather than the State, to "start the ball rolling" toward a speedy trial when the defendant is committed to a DOC facility. Nothing in the record indicates that the defendant had followed the procedures outlined in the intrastate detainers act to

"start the ball rolling"—for example, he had not submitted a written demand to the State's Attorney of the county where he was charged. 730 ILCS 5/3—8—10 (West 1998).

Immediately following this hearing, the court held a bench trial in which the defendant was found guilty of escape and was sentenced to two years' imprisonment. It is from this judgment that the defendant appeals.

## ANALYSIS

■ The right of the accused to counsel in preparation for trial is a fundamental constitutional right guaranteed by the sixth and fourteenth amendments of the Constitution of the United States, and article I, section 8, of the Constitution of the State of Illinois. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. This right includes the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); *People v. Albanese*, 104 Ill. 2d 504, 473 N.E.2d 1246 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must establish that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) counsel's deficient performance so prejudiced the defendant that but for counsel's errors the outcome of the trial likely would have been different. *Strickland*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *Albanese*, 104 Ill. 2d 504, 473 N.E.2d 1246.

■ Every person in custody in Illinois for an alleged offense shall be tried within 120 days from the date he or she was taken into custody. 725 ILCS 5/103—5(a) (West 1998). Every person on bail or recognizance shall be tried within 160 days from the date the defendant demands trial. 725 ILCS 5/103—5(b) (West 1998).

Subsection (b) of section 103—5 also shall apply to persons committed to any institution, facility, or program of the DOC who have untried complaints, charges, or indictments pending in any county of Illinois. The person's demand shall be addressed to the State's Attorney of the county where he is charged. 730 ILCS 5/3—8—10 (West 1998).

In the instant case, the defendant argues that the 120-day provision of the speedy trial act (725 ILCS 5/103—5(a) (West 1998)) rather than the intrastate detainers act (730 ILCS 5/3—8—10 (West 1998)) was applicable to him. He contends that for speedy trial act purposes, he was "in custody" on the escape charge on September 21, 1999, the date his bond had been set but not posted. Because he was not tried within 120 days of that date, he argues that he was entitled to a dismissal of the charge.

■ Ordinarily, the 120-day provision of the speedy trial act applies

to those accused of crimes who are being held after arrest and are awaiting trial. For speedy trial act purposes, those individuals are said to be "in custody," usually in a county jail. See generally 725 ILCS 5/103—5(a) (West 2000). The intrastate detainers act is designed to insure a speedy trial for those individuals who already are "committed to" a DOC facility—that is, those individuals who are already serving a previously imposed sentence and are "committed to" a state prison. See generally 730 ILCS 5/3—8—10 (West 2000).

■ In arguing that he was "in custody" for speedy trial act purposes, the defendant cites a series of cases. First, he points to *People v. Lykes*, 124 Ill. App. 3d 604, 464 N.E.2d 849 (1984), a case decided by this court. The defendant contends that, in *Lykes*, this court recognized that a defendant could be "actually in custody" for an untried offense while physically present in a DOC facility. The sentence in *Lykes* from which the defendant gleans this proposition, however, states the following: "The issue before us, then, is whether the defendant was committed to the IDOC for violation of parole while the instant complaint was pending, or whether he was actually in custody for the instant offense although physically present in an IDOC facility." *Lykes*, 124 Ill. App. 3d at 606, 464 N.E.2d at 851.

The language the defendant relies upon in *Lykes* is merely the language by which this court framed the issue concerning the two statutes, not this court's holding. This court held that the defendant in *Lykes* was not actually "in custody" under the speedy trial act but instead was "committed to" a DOC facility under the intrastate detainers act. Therefore, *Lykes* is not helpful to the defendant.

Next, the defendant relies upon *People v. Arnhold*, 115 Ill. 2d 379, 504 N.E.2d 100 (1987). In *Arnhold*, the Illinois Supreme Court concluded that "a defendant who is out on bond on one charge, and who is subsequently rearrested and returned to custody on another charge, is not returned to custody on the first charge until his bond is withdrawn or revoked." *Arnhold*, 115 Ill. 2d at 383, 504 N.E.2d at 101.

We find the holding of *Arnhold* to be inapposite to this case. In the instant case, the defendant was not out on bond. His bond had been set in the warrant for his arrest, but he had no opportunity to be out on bond on an escape charge for which he had not yet been arrested.

Finally, the defendant relies on *People v. Higgerson*, 157 Ill. App. 3d 564, 510 N.E.2d 574 (1987), where the court extended the holding of *Arnhold*. In *Higgerson*, the defendant was arrested for driving on a revoked license and driving under the influence of alcohol. He appeared in court and bond was set at $10,000, which he did not post. On the same day as his bond was set, he was arrested a second time

for driving on a revoked license. On appeal, he asserted that he should receive credit on his second charge for time served from the date his bond was set to the date he was sentenced. The *Higgerson* court agreed by stating that the defendant was in custody because of his failure to post bond just as if his bond had been withdrawn or revoked.

We also find *Higgerson* to be distinguishable from the present case. In *Higgerson*, the defendant was arrested and failed to post bond. In the present case, the defendant had no opportunity to post bond for an offense for which he had not been arrested.

The defendant argues that we should extend by analogy the holdings of *Arnhold* and *Higgerson* by ruling that a defendant is in custody, for purposes of the speedy trial act, if his bond has been set in an unserved arrest warrant and the defendant has not posted that bond. We decline to do so. The holdings of both *Arnhold* and *Higgerson* are dependant upon circumstances where a defendant has been arrested, bond has been set, and then bond is withdrawn, revoked, or not posted by the defendant. In this case, the defendant had not been arrested. The first element of the holdings of *Arnhold* and *Higgerson* is missing from the facts of this case. Thus, this defendant was not in custody for purposes of the speedy trial act where he had not been arrested for the instant offense.

Under these circumstances, therefore, the defendant's case was not prejudiced by defense counsel's failure to move for dismissal of the charges against him under the 120-day provision of the speedy trial act (725 ILCS 5/103—5(a) (West 1998)).

## CONCLUSION

For the foregoing reasons, we affirm the ruling of the Peoria County circuit court.

Affirmed.

LYTTON and SLATER, JJ., concur.