THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM T. JACKSON, Defendant-Appellant.

Fourth District   No. 4—00—0325

Opinion filed January 16, 2002.

Daniel D. Yuhas and Susan M. Wilham, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

After a jury trial in the circuit court of Champaign County, the defendant William Jackson was found guilty of unlawful possession of cannabis with intent to deliver and sentenced to five years' imprisonment. Defendant was also held in contempt at his arraignment in this

case and sentenced to six months' incarceration to be served consecutively to any sentence imposed on the possession charge. Defendant appeals, contending the trial court erred by ordering the contempt sentence to be served consecutively to the sentence for possession. We affirm.

## I. BACKGROUND

At defendant's arraignment on the possession charge, he responded to the court's request to take a seat with a rude gesture. The trial judge responded by increasing bond, which prompted defendant to reply with a series of insulting and profane remarks. Defendant was immediately held in direct criminal contempt and sentenced to six months' incarceration. The trial judge said, "It [the sentence] will be served consecutive to any sentence you may receive in this matter."

Defendant was thereafter convicted of the possession charge and his posttrial motions were denied. At sentencing on the possession charge, the trial court noted defendant had served 126 days in custody prior to trial. The court then gave defendant day-for-day good-time credit against his contempt sentence and concluded the contempt sentence had been served. The court then determined 36 days of credit remained, which should be allocated as sentencing credit on the five-year prison sentence imposed on the possession charge.

## II. ANALYSIS

Defendant contends the trial court could not order the sentence for contempt to be served consecutively to a sentence not yet imposed, and the misdemeanor sentence for contempt must be merged in and run concurrently with the felony possession sentence.

Defendant correctly states the two general principles above, *i.e.*, a sentence in one case should not be made consecutive to a not-yet-imposed sentence in an unrelated case (*People v. Reed*, 237 Ill. App. 3d 561, 562, 604 N.E.2d 1107, 1108 (1992)); and when an offender is serving a sentence for a misdemeanor, and is then sentenced to prison for a felony, the misdemeanor sentence merges and runs concurrently with the felony sentence (730 ILCS 5/5—8—4(d) (West 2000)).

Neither of these two general principles applies in this case. This is not a consecutive sentence, nor is it a misdemeanor sentence that merges. It is a sentence-credit issue. In *People v. Brents*, 115 Ill. App. 3d 717, 450 N.E.2d 910 (1983), a defendant convicted of armed robbery had engaged in unruly behavior at his preliminary hearing and was sentenced to six months' incarceration for the contempt. He was in custody at the same time on the armed robbery.

At sentencing for the armed robbery conviction, the trial court

refused to grant credit for a four-month period of jail time elapsing between the contempt and the sentence imposed for armed robbery.

The *Brents* court stated the question in this way: "The question before us, then, is whether jail time served concurrently as a result of the charged offense and a subsequent criminal contempt sentence need be credited towards the sentence imposed on the first offense. We think not." *Brents*, 115 Ill. App. 3d at 720, 450 N.E.2d at 913. We agree.

■ Section 5—8—7(b) of the Unified Code of Corrections (730 ILCS 5/5—8—7(b) (West 2000)) provides credit for time spent in custody as a result of the offense for which the sentence was imposed. In our view, the contempt sentence was not a result of the armed robbery; it was the result of defendant's disrespectful behavior. Nothing in the statute or case law requires the trial court to credit the defendant with the jail time served because of his contempt. "To hold otherwise would greatly diminish a defendant's incentive to comply with the trial court's order respecting proper decorum in the courtroom and render the contempt citation itself meaningless and inoperative." *Brents*, 115 Ill. App. 3d at 721, 450 N.E.2d at 913.

■ The trial judge had discretion in these circumstances to determine whether the incarceration for contempt should be credited toward the five-year sentence. He concluded it should not. We affirm.

Affirmed.

McCULLOUGH, P.J., and MYERSCOUGH, J., concur.