**Nicholas L. SALYER, Petitioner–Appellant,**

v.

**Jerry STERNES, Warden, Respondent–Appellee.**

**No. 01–3967.**

United States Court of Appeals, Seventh Circuit.

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Submitted April 22, 2002.*

Decided April 30, 2002.

Before FAIRCHILD, ROVNER, and EVANS, Circuit Judges.

## ORDER

In 1997 an Illinois state court convicted Nicholas L. Salyer after a bench trial of residential burglary and battery. The court then sentenced him to concurrent terms of 30 years' imprisonment for burglary and 364 days' imprisonment for battery. After exhausting his state remedies, Salyer filed a petition for habeas corpus under 28 U.S.C. § 2254. The district court denied Salyer relief but granted a certificate of appealability on one claim: whether trial counsel rendered ineffective assistance by failing to seek a discharge of his case pursuant to the Illinois Speedy Trial Act, 725 ILCS 5/103–5. We affirm.[1]

In January 1997 Salyer was arrested while fleeing the scene of a residential burglary. After his first court appearance on January 7, he was transferred to the Illinois Department of Corrections (IDOC) because he was on parole and the charges violated his parole. Salyer's counsel moved for a speedy trial on January 23. A bench trial was held on July 31 and Salyer was convicted. In the time between Salyer's incarceration at the IDOC and his trial, no parole revocation hearing took place. Both parties agree that he was tried within 142 days of his speedy trial

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

1. Salyer has briefed an issue beyond the scope of the CA granted by the district court, and we treat this briefing as an implicit request to expand the issues in the CA. *See Ouska v. Cahill–Masching,* 246 F.3d 1036, 1046 (7th Cir.2001). Specifically, he argues that appellate counsel was ineffective for not raising an ineffective-assistance claim based on trial counsel's seeking a two-week continuance due to illness. He has not shown, however, how this two-week delay was objectively unreasonable or prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because Salyer has not made a substantial showing of the denial of a constitutional right with respect to this issue, *see* 28 U.S.C. § 2253(c)(2), we deny his implicit request to expand the CA.

demand (minus delays attributable to Salyer).

Before the Illinois Appellate Court, Salyer argued that his trial counsel rendered ineffective assistance by failing to seek a discharge after the state did not bring him to trial within 120 days as required by the Illinois Speedy Trial Act, 725 ILCS 5/103–5(a). The court, however, disagreed, pointing out that Salyer was not merely in custody awaiting trial; rather, because he was committed to the IDOC based on the parole violation, he was subject to the intrastate detainers statute, and thus the state needed to bring him to trial within 160 days. 730 ILCS 5/3–8–10; *People v. Staten*, 159 Ill.2d 419, 203 Ill.Dec. 230, 639 N.E.2d 550, 554 (1994) ("The intrastate detainers statute . . . incorporates the 160–day speedy-trial period"). The court concluded that Salyer was tried within the requisite period, and therefore a motion to seek a discharge would have been unsuccessful. Because the motion would have failed, the court concluded that counsel's representation could not have been ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also Staten*, 203 Ill.Dec. 230, 639 N.E.2d at 558 (holding no ineffective assistance of counsel because a speedy-trial motion would have been unsuccessful).

To obtain federal collateral relief, Salyer must show that the state court's decision is "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Pecoraro v. Walls*, 286 F.3d 439, 442 (7th Cir.2002). An "unreasonable application" of federal law occurs when the state court identifies the correct legal rule but applies it unreasonably to the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). While we do not reexamine questions of state law, *see Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), when the constitutional right at issue concerns the possible ineffective assistance of counsel, we may consider state issues that counsel did not pursue in light of *Strickland'*s requirements. *See Mason v. Hanks*, 97 F.3d 887, 894 (7th Cir.1996); *Stewart v. Duckworth*, 93 F.3d 262, 268 (7th Cir. 1996). In other words, we examine whether counsel's failure to pursue a state-law issue fell below what was objectively reasonable and whether the defendant suffered prejudice as a result. *Strickland*, 466 U.S. at 687–88, 104 S.Ct. 2052; *Mason*, 97 F.3d at 892–93.

In this appeal, Salyer again argues that he received ineffective assistance because his counsel should have moved to discharge the case after 120 days, and, had he done so, such a motion would have been granted. Salyer contends that he remained in custody under § 103–5(a) of the Speedy Trial Act (thus subject to the 120–day period), and was not committed to the IDOC under the intrastate detainers statue (thus subject to the 160–day period) because he did not receive a parole revocation hearing before trial. The Illinois Appellate Court, however, rejected this argument; under Illinois law, the court explained, a defendant who is on parole and then re-incarcerated in the IDOC based on the pending charges is "committed to" the IDOC and subject to the 160–day period–regardless of whether a parole hearing occurred prior to trial. *See People v. Jackson*, 162 Ill.App.3d 476, 113 Ill.Dec. 581, 515 N.E.2d 390, 393 (1987); *People v. Lykes*, 124 Ill.App.3d 604, 79 Ill.Dec. 945, 464 N.E.2d 849, 851–53 (1984); *see also*

People v. Anderson, 325 Ill.App.3d 87, 258 Ill.Dec. 625, 756 N.E.2d 899, 901 (2001) ("[T]the defendant in *Lykes* was not actually 'in custody' under the Speedy Trial Act, but instead was 'committed to' a DOC facility under the Intrastate Detainers Act."). Because § 2254 does not permit us to reexamine state-court interpretations of state law, we will not reexamine the state appellate court's determination that Salyer is committed to the IDOC and subject to the 160–day requirement. *See Estelle*, 502 U.S. at 67–68, 112 S.Ct. 475; *Freeman v. Page*, 208 F.3d 572, 575 (7th Cir.2000).[2]

Because Salyer was subject to the 160–day requirement and was tried within this period, a motion to discharge brought by counsel that was based on speedy-trial considerations would have failed. Therefore, Salyer has not demonstrated how his counsel's failure to make such a motion was objectively unreasonable or otherwise prejudiced him. *See Strickland*, 466 U.S. at 687–88, 104 S.Ct. 2052; *Stewart*, 93 F.3d at 269.

Accordingly, the district court's judgment is AFFIRMED.

---

**2.** Salyer also contends that the Illinois Appellate Court's decision conflicts with United States and Illinois Supreme Court precedent. The cases he cites, however, address a variety of unrelated issues–none of which addresses the issue of when a defendant is committed to the IDOC for speedy-trial purposes.