THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* SOLOMON DAWSON, Petitioner-Appellant.

(No. 56633; )

First District—May 9, 1972.

James P. Tatooles, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Henry A. Hauser, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

The issue in this appeal is whether petitioner had competent representation in his post-conviction proceeding.

In 1965, after a non-jury trial, petitioner was found guilty of possessing

marijuana and he was sentenced to serve 7 to 20 years. On March 12, 1968, this court affirmed his conviction. (*People v. Dawson*, 93 Ill.App.2d 98, 237 N.E.2d 561.) Thereafter, acting *pro se*, petitioner filed a post-conviction petition. The State made a motion to dismiss. Before hearing, the trial court appointed the public defender to represent petitioner. After hearing, the trial court dismissed the petition. The public defender did not ask leave to amend. Petitioner, again acting *pro se*, appealed the dismissal directly to the Supreme Court. There, counsel was appointed to represent him. Thereafter, the appeal was transferred to this court.

While it was pending here, the Supreme Court, on October 15, 1971, in *People v. McCabe*, 49 Ill.2d 338, 275 N.E.2d 407, held that classification of marijuana under the Narcotic Drug Act was unconstitutional. In *People v. Hudson*, 50 Ill.2d 1, 276 N.E.2d 345, it was held that *McCabe* was retroactive.

A short time after these decisions, petitioner, represented by the public defender of Cook County, filed a *habeas corpus* petition in which he alleged that his 1965 conviction was void. On December 29, 1971, the trial court agreed, entered a judgment which found that the conviction "was void and of no effect" and ordered petitioner's discharge from custody. Based on this ruling, respondent has filed a motion to dismiss petitioner's appeal on the ground that it is now a moot question whether, in his post-conviction proceeding, he had competent representation. We took the motion with the case.

■■ A moot question is one that once existed, but, because of the happening of an event, has ceased to exist and no longer presents an issue or controversy. (*Harney v. Cahill*, 57 Ill.App.2d 1, 9, 206 N.E.2d 500.) Existence of a controversy between the parties is essential to appellate jurisdiction. (*People v. Redlich*, 402 Ill. 270, 83 N.E.2d 736.) In this case, when defendant, in the *habeas corpus* proceeding, sought and obtained a judgment that declared his conviction void and ordered his discharge from custody, the issue in this appeal became moot. Therefore, respondent's motion to dismiss is sustained. The appeal is dismissed.

Appeal dismissed.

STAMOS, P. J., and SCHWARTZ, J., concur.