ROGELIO HERNANDEZ, Petitioner-Appellant, *v.* ERNEST E. MORRIS, Respondent-Appellee.

Third District   No. 75-450

Opinion filed July 9, 1976.

Samuel J. Andreno, Public Defender, of Joliet (Kathleen Kallan, Assistant Public Defender, of counsel), for appellant.

Martin Rudman, State's Attorney, of Joliet (Thomas E. Cowgill, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Petitioner, Rogelio Hernandez, has appealed from the trial court's denial of his petition for a writ of mandamus to compel the Illinois Director of the Department of Corrections to give him credit for the time period during which he was detained in Texas custody on his recommitment for the remainder of his sentence of imprisonment following the revocation of his parole.

Hernandez was convicted of attempt murder in De Kalb County on September 17, 1971, and sentenced to a term of imprisonment. He was paroled on August 28, 1972, to the State of Texas pursuant to section 7a of "An Act * * * providing for a system of parole" (Ill. Rev. Stat. 1971, ch. 108, par. 205), now repealed and replaced by section 3—3—12 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1003—3—12). On December 24, 1972, Texas officials arrested Hernandez and charged him with the (Texas) offense of statutory rape. The petitioner remained in custody in Texas from the date of his arrest until July 2, 1973, when he was returned to Illinois and his parole subsequently revoked. While he remained in Texas' custody an Illinois Warden's Detainer Warrant was issued on January 5, 1973. On March 22, 1973, a Webb

County, Texas, grand jury returned a no bill on the charge of statutory rape against Hernandez.

In calculating the term of Hernandez's imprisonment after his parole was revoked, he was credited with the time he spent in custody in Texas from and after March 22, 1973 (the return of the no bill on the Texas charge), to July 2, 1973, the date he was first made available for return to Illinois. Hernandez in his petition for a writ of mandamus claimed credit was due him on the remainder of the period he was actually confined in custody in Texas, from December 24, 1972, to March 22, 1973, on the term of imprisonment to which he was recommitted following the revocation of his parole.

■■ ■ Petitioner has styled the issue raised on this appeal very broadly, to-wit: Whether out-of-State confinement which has not been credited against any other sentence shall be credited against the sentence of a person reconfined as a parole violator.

While the case was pending here defendant filed a motion to expedite on December 10, 1975. That motion was subsequently denied. Since oral arguments were not waived, the case was set down for oral argument as soon as possible following the filing of respondent-appellee's brief on March 1, 1976. Oral arguments were heard on May 26, 1976.

It has now come to our attention that defendant was released from custody as of August 23, 1975, pursuant to the mandatory release provisions of section 3—3—10 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1003—3—10). The mandatory release period expired on March 23, 1976, while this appeal was still pending. We deem the issue raised now moot in light of defendant's release from custody.

"A moot question is one that once existed, but, because of the happening of an event, has ceased to exist and no longer presents an issue or controversy. [Citation.] Existence of a controversy between the parties is essential to appellate jurisdiction." (*People v. Dawson*, 5 Ill. App. 3d 975, 976, 284 N.E.2d 391, 392 (1972).) In the present case no controversy now exists and no justiciable issue is presented for review. The resolution of the question raised would necessarily cause this court to issue an advisory opinion which is not consistent with our proper judicial role. The appeal is accordingly dismissed, sua sponte, as moot.

Appeal dismissed.

ALLOY, P. J., and STENGEL, J., concur.