*In re* J.A., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* J.A., Respondent-Appellant.)

Third District   No. 81—701

Opinion filed August 9, 1982.

BARRY, P. J., concurring in part and dissenting in part.

Robert Agostinelli and Gary Hicks, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

This case was previously before us in *In re J.A.* (No. 80—274, 3d Dist., filed January 30, 1981), in which case we held the trial court of Tazewell County lacked jurisdiction in a juvenile proceeding. Our decision relying on *In re J.W.* (1980), 89 Ill. App. 3d 150, concluded that service on a noncustodial parent was required by statute before jurisdiction of the court could be invoked.

In *In re J.W.* (1981), 87 Ill. 2d 56, the court reversed the appellate court on the jurisdiction issue and held that a parent in actual uncontested custody of a minor was to be considered as having legal custody of said minor, thereby obviating the necessity of serving the other natural parent. Petition for leave to appeal from our previous decision in the instant case had been granted by the Illinois Supreme Court and after its decision in *J.W.* this case was remanded to this court for further consideration in light of the supreme court's decision in the *J.W.* case.

As directed, we have reviewed our decision and we now hold the trial court did have jurisdiction to enter the adjudicatory judgment which it did. We believe *J.W.* stands for the proposition that service of notice to a noncustodial parent is not a jurisdictional statutory requirement. Therefore, the failure of the notice by publication in the instant case to comport with the requirements of that mode of service is immaterial since no notice is required.

On May 16, 1980, the trial court entered an order of protection pursuant to section 5—5 of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 705—5). The two conditions of that order were:

"That the minor shall attend school each day until the conclusion of the school year.

* * *

That the mother shall cause the minor to attend school each day."

Following a hearing on May 23, 1980, J.A. was found in contempt of court for failing to abide by the terms of the order of protection.

On this appeal J.A. argues that to the extent the order of protection was addressed to the conduct of the minor it must be considered void. We agree with respondent that the section of the statute dealing with protective orders, section 5—5 of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 705—5), does apply only to persons dealing with or having some relation with a minor and not the minor.

All of the suggested conditions of such an order operate only on third persons and not the minor. Although the present statute may apply more broadly than its predecessor, the Family Court Act (Ill. Rev. Stat. 1965, ch. 23, par. 2009.1 (repealed 1966)), which specifically described the third persons who could be included in such orders, the thrust of the present provisions still seeks to operate on persons affecting the welfare of the minor.

■ Even though we believe the order of the trial court was erroneously described as a protective order as it applied to the minor J.A. in this case, there is no question but that the trial court had the jurisdiction and the statutory authority to require J.A. to attend school as it did by one of the conditions of the order. No claim is made that the mislabeling of the order in any way hindered J.A. from knowing what she was required to do. Accordingly, we find that even though the order may have been irregular in form, it is not improper in substance.

■ Finally, J.A. argues the court had no authority to place her in the custody of a juvenile facility for contempt of the school attendance order. Both supporting arguments advanced by the respondent have been determined adversely to her in the case of *In re G.B.* (1981), 88 Ill. 2d 36, and it would serve no useful purpose in reconsidering the issue in this opinion at this time.

■ For the foregoing reasons the judgment of contempt entered by the circuit court of Tazewell County is affirmed. However, the sentence of five days detention which sentence was stayed pending our decision on appeal has been rendered moot by the lapse of time, and such sentence is vacated.

Judgment affirmed; sentence vacated.

SCOTT, J., concurs.

PRESIDING JUSTICE BARRY, concurring in part and dissenting in part:

While I agree with the majority's decision on the merits, I believe that the disposition of the case, *i.e.*, vacating the defendant's sentence, is not required. Neither party has presented a mootness argument on appeal. In my opinion, we as a court of review should exercise judicial restraint in matters of sentencing and not lightly declare *sua sponte* that a sentence "has been rendered moot by a lapse of time."

A moot question has been defined as one that once existed but, because of the happening of some event, has ceased to exist and no

longer presents an issue or controversy. (*People v. Dawson* (1972), 5 Ill. App. 3d 975, 976, 284 N.E.2d 391, 392.) Since J.A.'s sentence was stayed, not served, during the pendency of this appeal, it would appear to me, lacking any argument of counsel or facts of record to the contrary, that the sentence should be affirmed or vacated depending only on our disposition of the underlying contempt finding. To my knowledge, this case represents the first instance, at least in Illinois, wherein the mere passage of time, without more, has rendered moot a properly imposed sentence which was never served by the defendant. See Annot., 9 A.L.R.3d 462 (1966).

I would affirm both the trial court's finding of contempt and the five-day sentence.