THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN SANDERS, Defendant-Appellant.

Fourth District Nos. 4—82—0645 through 4—82—0647 cons.

Opinion filed June 2, 1983.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Nancy Owen, State's Attorney, of Charleston (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

Defendant's sole issue on appeal is whether time spent in jail under a commitment for civil contempt should be credited against his sentences for residential burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—3) and forgery (Ill. Rev. Stat. 1981, ch. 38, pars. 17—3(a)(1), (2)).

On October 5, 1982, defendant pleaded guilty to residential burglary and two counts of forgery. Pursuant to a plea agreement in the consolidated cases, he received concurrent seven-year terms for each offense and his probation in another case was terminated. After accepting the pleas of guilty, the trial court awarded defendant credit for 66 days' incarceration. The motion to withdraw the pleas was made on the ground that defendant is entitled to additional sentence credit. The court denied the motion. We affirm.

Defendant was arrested on April 2, 1982. He did not post bond and remained in custody following the arrest. On May 25, 1982, he was ordered by Judge Watson to submit handwriting exemplars to officials of the Mattoon Police Department. He refused to do so and, on that same date, was held in contempt of court for the refusal. The court admonished defendant that a civil contempt sanction was being imposed, separate and distinct from the charged offenses, and that time spent in custody under the civil contempt sanction would not be counted against any prison term which might be imposed on the pending charges. A written contempt order was entered on June 7, 1982.

As of the entry of his pleas on October 5, 1982, defendant had neither complied or attempted to comply with the court's order to provide handwriting exemplars. The court admonished defendant pursuant to Rule 402 (87 Ill. 2d R. 402) before accepting the guilty pleas and entering judgment.

The matter of time to be credited to defendant's sentences was then considered. The parties agreed that June 7, rather than May 25, should be considered as the date of the contempt order. Defendant objected that, in addition to 66 days' credit for time served from April 2, 1982, until the court's contempt order on June 7, 1982, he is entitled to credit for the 121 days from June 7, until the date of judgment, October 5, 1982.

Judge Watson gave the following explanation for his decision:

"I again reiterate that the Defendant was admonished that this would be a delay occasioned by the Defendant if he fails to give the exemplars. We don't know what would have happened had the Defendant complied with the order. This would, of course, possibly increase the ability of the bargaining power and the ability to convict on the part of the State's Attorney who has the burden of proof in this case.

I remind you that contempt is an inherent power of the Court. It operates independently of any statute, constitution, whatever. And the Defendant I agree was spending time, and I think he was fully admonished to that, in jail from the date of refusal to give these exemplars, from the date of the order he was in there for contempt and contempt only. He could not have been released if he had made bond. And how could we ever say that good time would be where the Defendant is violating a Court order?

The Defendant had the power at any time, any time he wanted, to say 'I will give them, I will comply with the order.' And he did not do so. And if we did give this and we did say it

was good time for violating a Court order, there would be absolutely no way that a Court could ever enforce an order while a person is incarcerated. That is the only way we can do it.

Now, I could have put on a fine of $100 for each day that he fails to comply. And yet, there would be no showing he'd be able to pay for it, being incarcerated. I took the tack at the time by putting him in jail that this would not be good time and he was so informed. He's fully aware, I think, of the consequences of his action. So, I will give him sixty-six days good time."

Defendant's attorney then moved for a leave of court to withdraw the pleas of guilty filed on these charges. The sole issue raised in support of the withdrawal was the amount of credit defendant would receive for time served in the county jail.

Defendant argues that under section 5—8-7 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—7) he is entitled to the credit for the entire amount of time served in the county jail before he pleaded guilty on these charges. He contends that while serving time on the contempt sentence, he was simultaneously in custody on the pending forgery and the residential burglary charges. The effect of simultaneous contempt commitment has not previously been addressed in Illinois decisions, but the Federal courts of appeal have adopted a rule permitting a finding of civil contempt to interrupt a criminal sentence. The State suggests that the rationale for that rule is applicable here.

In *Anglin v. Johnston* (7th Cir. 1974), 504 F.2 1165, *cert. denied* (1975), 420 U.S. 962, 43 L. Ed. 2d 440, 95 S. Ct. 1353, a Federal inmate was found to be in civil contempt when he refused to answer the questions of a State grand jury. He filed a petition for writ of *habeas corpus* seeking credit against his Federal sentence for time served pursuant to his contempt commitment. He relied upon 18 U.S.C. sec. 3568, which entitled an offender to credit "for any days spent in custody in connection with the offense or acts for which sentence was imposed." Another statute fixed the penalty for a recalcitrant witness without stating the effect of that penalty upon pending criminal sentences. Despite congressional silence on the subject, the court held that a Federal prisoner is not entitled to credit for time spent in custody for civil contempt, unless the trial judge expressly makes the confinement for contempt concurrent with the prior criminal sentence. The court opined that to permit a defendant to credit the contempt time against the criminal sentence would remove all incentive to comply with the court's order.

The rule that the running of the criminal sentence is stayed for the period of confinement for civil contempt has been approved by eight circuits. (*In re Application of United States Senate Permanent Subcommittee on Investigations* (D.C. Cir. 1981), 655 F.2d 1232, 1239 n. 33, *cert. denied* (1981), 454 U.S. 1084, 70 L. Ed. 2d 619, 102 S. Ct. 641.) There have been no contrary rulings.

■ We find that defendant is not entitled to credit for the time served on the contempt sentence. This result is consistent with, rather than contrary to, section 5—8—7. Defendant was admonished on May 25, 1982, that the civil contempt sanction was separate and distinct from the charged offenses and that time served on the contempt charge would not be credited as time served on the charged offenses if he was later convicted of them. To find otherwise would detract from the court's contempt powers in cases involving defendants already in custody.

■ Moreover, the fact that defendant thought he would receive more sentence credit than he did is not a sufficient basis to support withdrawal of his guilty plea. *People v. Lange* (1978), 59 Ill. App. 3d 603, 375 N.E.2d 919.

Affirmed.

GREEN and MILLER, JJ., concur.