# Illinois Official Reports

## Appellate Court

---

### *People v. Strickland*, 2015 IL App (3d) 140204

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TONY STRICKLAND, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-14-0204 |
| Filed | December 1, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 13-CF-496; the Hon. Carla Alessio-Policandriotes, Judge, presiding. |
| Judgment | Affirmed in part, reversed in part, and remanded. |
| Counsel on Appeal | Michael J. Pelletier and Andrew J. Boyd, both of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James Glasgow, State's Attorney, of Joliet (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Justice O'Brien concurred in the judgment and opinion.<br>Justice Wright specially concurred, with opinion. |

**OPINION**

¶ 1 Defendant, Tony Strickland, appeals from his sentence of six years' imprisonment, arguing that: (1) the trial court's indefinite suspension of defendant's sentence left the court without jurisdiction to execute the sentence and (2) the case must be remanded for strict compliance with Illinois Supreme Court Rule 604(d) (eff. Dec. 11, 2014). We affirm in part, reverse in part, and remand for: (1) the filing of a compliant Rule 604(d) certificate; (2) the filing of a new postplea motion, if counsel concludes that a new motion is necessary; and (3) a new motion hearing.

¶ 2                                        FACTS

¶ 3 In May 2013, defendant entered into a non-negotiated plea of guilty to unlawful delivery of a controlled substance (720 ILCS 570/401(d)(i) (West 2012)). In August 2013, the court held a sentencing hearing. Counsel for defendant asked that defendant be placed on Treatment Alternatives for Safe Communities (TASC) probation. Alternatively, counsel said, "The Court could give him a very strict type of probation with a prison sentence on top of it and with any slight error he can go to prison. *** The Court can also reserve its ruling for a while to determine whether he would be a sufficient candidate for probation." The State asked the court to sentence defendant to a term of imprisonment. The court took the matter under advisement.

¶ 4 In September 2013, the court sentenced defendant to six years' imprisonment in the Department of Corrections (DOC). Further, the court said:

"The mittimus is stayed subject to a motion to reconsider on motion of [defense counsel]. If you seek to obtain inpatient treatment for your client while your motion to reconsider is pending, I will give you an opportunity to find a place.

***

*** Should you find a place, I will release him from custody to be transported directly from the jail to the inpatient treatment facility and then release him on [recognizance] bond that requires him to comply with each and every term and condition of the treatment facility.

***

Once he is released, he will engage in intensive outpatient treatment. And every day that he's not at the intensive outpatient treatment, he will be at an NA [Narcotics Anonymous] meeting. He will seek employment, a minimum of 20 applications submitted each week, and he will maintain registration with a temp agency.

Once he has completed the intensive outpatient, he will then step down to the outpatient. And at some point should he comply based on the random drug testing on a 24-hour call in on each court date with full documentation of his compliance, you may ask me to enter an order that is different from six years in the Department of Corrections."

¶ 5 On September 9, 2013, defendant filed a motion to vacate his prison sentence, which was heard on October 4, 2013. Counsel for defendant stated that the motion should just be a notice of filing as counsel expected defendant to successfully complete all the terms of the sentencing order. The court construed the motion as a motion to reconsider sentence.

¶ 6     On October 24, 2013, the case was up for a status hearing. Defense counsel informed the court that a bed would soon be available for defendant in inpatient treatment at Stepping Stones. The court ordered that defendant be released on a recognizance bond when a bed was available. The court reminded defendant that he needed to comply with all of the terms of the bond and follow all the rules set out for him. The court said, "Should you elect not to follow one of the rules, [defendant], they notify me and so I revoke your bond. I issue a no bond warrant and the sheriff is kind enough to pick you up and return you to jail."

¶ 7     Defendant began inpatient treatment in November 2013. On December 6, 2013, defendant had been discharged from inpatient treatment and reported to court for his first drug drop, which was negative. The court told defendant "[b]ring all your documentation from Stepping Stones that you have done every single thing that they asked you to do including your NA, AA [Alcoholics Anonymous] meetings and complete perfect attendance at your IOP [Intensive Outpatient Program]."

¶ 8     On January 17, 2014, defendant's case was before the court for compliance. Defense counsel stated that defendant was sentenced to "TASC probation," but also sentenced to a term in the DOC. Defendant submitted proof that he finished his inpatient treatment and was receiving outpatient treatment, doing job searches daily, and going to AA meetings. His drug test was also negative. The court said "[s]how that the matter is continually reset for compliance."

¶ 9     On February 11, 2014, the case was again up for a status hearing. The court looked at defendant's documentation regarding his outpatient meetings and saw that he had missed three of his NA/AA meetings. The court revoked defendant's bond and had him taken into custody "for not being in compliance with the terms of his bond."

¶ 10     Defendant amended his earlier filed motion to reconsider and filed with it a Supreme Court Rule 604(d) certificate. The certificate stated:

"1. That [defense attorney] has consulted with the Defendant in person to ascertain the Defendant's contentions of errors as to the sentence previously entered in this cause.

2. That [defense attorney] has examined the Trial Court file in this matter.

3. That, although the transcripts were not ordered, [defense attorney] was the sentencing attorney in this cause and has reviewed his files and notes concerning the sentencing.

4. That [defense attorney] believes that the Motion to Vacate Prison Sentence, or in the alternative, to Reconsider the Sentence filed by this Law Firm adequately sets forth all claims and defects in the proceedings being made by the Defendant."

A hearing on the motion was held on February 27, 2014. Counsel for defendant noted that defendant had complied with all of the court's orders, but had missed a couple of NA/AA meetings because of the weather. The court denied the motion and issued the mittimus. This appeal followed.

¶ 11                                        ANALYSIS

¶ 12     On appeal, defendant argues that: (1) "[t]he trial court's indefinite suspension of defendant's sentence left the court without jurisdiction to execute the sentence" and (2) the case must be remanded for further postplea proceedings as defense counsel's Supreme Court

Rule 604(d) certificate was inadequate. Upon review, we find that defendant has not met his burden of showing that it was improper for the trial court to suspend his sentence and mittimus, but we remand for compliance with Rule 604(d).

¶ 13 At the outset, we reject the State's argument that defendant has forfeited the issue of whether the trial court had jurisdiction to execute the sentence. A party may challenge jurisdiction at any time, and, therefore, defendant's jurisdiction argument cannot be forfeited. See *People v. Harvey*, 196 Ill. 2d 444, 456 (2001) (" ' "[a] judgment, order or decree entered by a court which lacks jurisdiction of the parties or the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void, and may be attacked at any time or in any court, either directly or collaterally" ' " (emphases omitted) (quoting *R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill. 2d 304, 309 (1986), quoting *City of Chicago v. Fair Employment Practices Comm'n*, 65 Ill. 2d 108, 112 (1976))).

¶ 14 Turning to the merits, defendant has failed to meet his burden on appeal. "It is well settled that on appeal all reasonable presumptions are in favor of the action of the trial court and that the burden is on the appellant to show affirmatively the errors assigned on review." *In re Estate of Elson*, 120 Ill. App. 3d 649, 656 (1983); see also *People v. Schomer*, 64 Ill. App. 3d 440, 445-46 (1978) ("The proposition is well settled that the burden on appeal is on appellant to demonstrate error in the record, and failing to do so, there is a presumption of regularity which attaches to the proceeding in the trial court."). None of the cases defendant cites in his opening brief apply in the instant case. In all but one of the cases defendant cites, there was a long delay between the time the defendant was convicted and when he was sentenced. See *People ex rel. Boenert v. Barrett*, 202 Ill. 287, 288 (1903) (defendant sentenced two years after he was convicted); *People ex rel. Houston v. Frye*, 35 Ill. 2d 591, 593 (1966) (defendant sentenced two years after he was convicted); *People v. Sanders*, 131 Ill. 2d 58, 63 (1989) (4½-year delay between defendant's conviction and sentencing); *People v. Williams*, 309 Ill. App. 3d 1022, 1025 (2000) (four-year delay between defendant's conviction and sentencing). The other case defendant cites has no bearing on this case at all, as it dealt solely with the issue of the court's jurisdiction to revoke probation after probation had already expired. See *People v. Thoman*, 381 Ill. App. 3d 268, 269-70 (2008) (holding the court did not have jurisdiction to revoke probation when defendant had not been properly served notice of the probation revocation petition prior to the expiration of his probation).

¶ 15 Here, unlike the cases defendant cites, defendant was immediately sentenced to six years of imprisonment after his conviction, but the mittimus was stayed for 5½ months while defendant was allowed on bond to receive treatment. The mittimus issued when defendant failed to comply with the terms of his bond. Defendant does not point to any authority to support the proposition that it was improper for the judge to suspend the mittimus after sentencing defendant. Defendant's cases are entirely different in that the sentence was not imposed immediately but instead many years later. In the authority defendant cites, the cases saw no activity for a long period of time, but here defendant's case stayed on the court docket and defendant returned consistently for status hearings. Defendant had been ordered to comply with specific, finite terms, such as his outpatient treatment, and he had not yet completed these terms. As such, the trial court was simply enforcing its judgment and retained jurisdiction to do so. See *In re Appointment of a Special State's Attorney*, 305 Ill. App. 3d 749, 759 (1999) ("[W]here the judgment contemplates or orders future performance by the parties, a court may retain jurisdiction to enforce its order after the passing of the 30-day period.").

¶ 16    In coming to this conclusion, we are not persuaded by the cases that defendant cites in his reply brief from other jurisdictions. First, we note that defendant's argument that "it is improper for a trial court to make the execution of a defendant's sentence dependent on the defendant's good behavior in the future" is raised for the first time in his reply brief, and therefore, we need not address it. "Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008).

¶ 17    Even so, we are not persuaded by the out of state case law that defendant cites in support of this argument. See *Vinson v. State*, 79 So. 316 (Ala. Ct. App. 1918) (sentence set aside and cause remanded where defendant's sentence of hard labor was suspended pending defendant's good behavior); *In re Webb*, 62 N.W. 177 (Wis. 1895) (holding that the suspension of defendant's sentence if he paid a fine was void as it had the practical effect of a pardon); *In re Strickler*, 33 P. 620 (Kan. 1893) (holding that suspending defendant's 90-day sentence, as long as he kept the peace and did not drink, was illegal). " 'Although it is helpful to look to other jurisdictions for guidance, we are not bound by those decisions and must decide the case in a manner consistent with Illinois law.' " *People v. Sito*, 2013 IL App (1st) 110707, ¶ 21 (quoting *Independent Trust Corp. v. Kansas Bankers Surety Co.*, 2011 IL App (1st) 093294, ¶ 24). Even if the cases cited in defendant's reply are applicable, there are also a number of cases from the same time period from other states that have held the opposite. See *Neal v. State*, 30 S.E. 858, 859 (Ga. 1898) (noting that the authorities are in conflict and discussing cases from both sides); *People ex rel. Forsyth v. Court of Sessions*, 36 N.E. 386 (N.Y. 1894) (holding suspension of sentence for good behavior was proper and not an infringement on the pardon power).

¶ 18    Defendant further argues that the case must be remanded for further postplea proceedings as defense counsel's Rule 604(d) certificate was inadequate as defense counsel failed to certify that he had consulted with defendant regarding any possible contentions of error in his guilty plea and failed to certify that he had examined the report of proceedings of the plea of guilty. The State confesses error. After reviewing the briefs and the record, we accept the State's confession and remand for: (1) the filing of a compliant Rule 604(d) certificate; (2) the filing of a new postplea motion, if counsel concludes that a new motion is necessary; and (3) a new motion hearing.[1]

¶ 19                                      CONCLUSION

¶ 20    The judgment of the circuit court of Will County is affirmed in part, reversed in part, and remanded.

¶ 21    Affirmed in part, reversed in part, and remanded.

¶ 22    JUSTICE WRIGHT, specially concurring.

---

[1] In the alternative, defendant argues that the trial court failed to give defendant proper admonishments pursuant to Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001). As we remand for compliance with Rule 604(d), we do not reach the merits of this argument.

¶ 23    I write separately because it is apparent to me that the delay in this case was occasioned by an unresolved and pending posttrial motion to vacate defendant's prison sentence. Pending a scheduled hearing on the posttrial motion, the court released defendant on a recognizance bond with stringent conditions. Unfortunately, defendant violated the terms of his release on the recognizance bond and the court undertook the task of immediately scheduling a hearing on defendant's unresolved motion to vacate his sentence. Contrary to defendant's position on appeal, the trial court was not divested of jurisdiction while a timely posttrial motion remained pending for a few short months. Thus, I wholeheartedly concur in the result in this case, but for different reasons.